United States District Court
Western District of Texas
Austin Division

United States of America,

v.

No. 1:21-CR-203-LY

Ryan Taylor Faircloth,
Defendant.

**Opposition to Defendant's Motion to Travel**

The government respectfully submits this memorandum in opposition to Defendant Ryan Taylor Faircloth's motion for permission to travel to Starkville, Mississippi from May 5, 2022 to May 9, 2022. (Dkt. No. 42.)

**Background**

Over the government's objection, Defendant was released on bond with strict conditions of release that included GPS monitoring, a curfew, and no travel outside of Bexar County without permission from the Court. He is currently set for sentencing on May 27, 2022. These conditions were well-warranted by Defendant's dangerous and violent conduct in this case. As described in the plea agreement and the Presentence Investigation Report, Defendant threw a Molotov cocktail into the offices of the Travis County Democratic Party in the early morning hours of September 29, 2021. He assembled the device using readily available materials, drove to the party offices, and attacked the premises three times shortly after 2 am. On the first occasion, he threw a rock at the door, breaking the glass. A few minutes later, he dropped the Molotov cocktail plus a lit smoke bomb firecracker into the building. And a few minutes after that, he again went to the door to throw what he described as an "artillery shell" firecracker close to the Molotov cocktail, which caused the gasoline to ignite and start a fire. As soon as he threw the "artillery shell" firecracker, he ran from the door of the building. Defendant did not burn down the party office or building only because a nearby Good Samaritan put out the fire.

His crime was ideologically motivated and calculated to send a message. He left a note warning that his attack was a "light warning." He later told investigators that he targeted the

political party offices because he opposed current government policies (and positions he believed to have been taken by the Democratic Party). He expected that his actions would inspire others to similarly "retaliate."

**Travel Requests**

This is Defendant's fourth formal or informal travel request. In late October or November and again in mid-December 2021, Defendant (from address "Boozers Tx <ryan\*\*\*@gmail.com>"[1]) sent an email to United States Magistrate Judge Susan Hightower's deputy (apparently without his counsel's knowledge) casually requesting permission to move back to Austin. Ex. A. The request showed no appreciation of the great fear he instilled in the victims—leaders and workers at the Travis County Democratic Party—whose offices he firebombed with no warning in the dead of night. The request was self-centered and gave short shrift to Judge Hightower's significant concerns about the safety of the community in setting bond conditions with strict travel restrictions. That Defendant sought effectively to overturn the conditions within days or weeks of his release displayed his failure to understand the nature and circumstances of his offense and its impact on the community. Counsel quickly clarified that he would be filing no motions to modify the conditions of release.

Then in early March 2022, defense counsel contacted the government and Pre-Trial Services with notice that Defendant had requested a motion for permission to travel to Las Vegas from March 15, 2022 to March 18, 2022. Defendant wanted to get one personal trip in before facing a five-year mandatory minimum sentence. The request again evinced little to no understanding by Defendant of the gravity and seriousness of his crime. Faced with opposition from Pre-Trial Services and the government, Defendant did not file a motion.

A few days later, Defendant requested permission to travel to Houston and Galveston with his family from March 18, 2022 to March 23, 2022. Pre-Trial Services agreed to the request only after ensuring that Defendant would reside in one location due to GPS monitoring and the

---

[1] The government has anonymized Defendant's full email address to protect his privacy.

curfew.  Pre-Trial Services also informed the government that it would be possible to closely monitor Defendant's movements in conjunction with the Pre-Trial Services office in the Southern District of Texas to ensure that he did not deviate from his course.  With these restrictions and assurances, the government took no position on the request and Defendant was allowed to travel to Houston.  (Dkt. No. 40.)

Now, he seeks permission to travel out-of-state over the opposition of Pre-Trial Services.  The government has consulted the supervising Pre-Trial Services officer.  The officer has informed the government that out-of-state travel with GPS monitoring and a curfew will pose significant logistical challenges for Pre-Trial Services.  The Houston trip was approved because it was tightly controlled and Pre-Trial Services officers in this district were able to work closely with colleagues in the neighboring district.  Out-of-state coordination and supervision, however, is more difficult and Pre-Trial Services routinely opposes such requests.  Pre-Trial Services is concerned about its response time to any emergent issue with Defendant.  The government joins Pre-Trial Services' opposition and adds that this fourth request flies in the face of the strict travel restrictions imposed by Judge Hightower.  Defendant faces sentencing—and a five-year mandatory minimum term of imprisonment—in approximately a month.  He clearly wishes to take full advantage of his current freedom and push the limits of what Pre-Trial Services and this Court will approve.  His incentives to flee prior to sentencing are at their height.  To the extent Pre-Trial Services identifies any challenges or difficulties in supervising him while traveling out-of-state, the Court should enforce the current conditions of release by denying the motion to ensure Defendant appears in Court to face justice and to protect the public.

**Conclusion**

For these reasons, the Court should deny Defendant's motion to travel.

                                        Respectfully submitted,

                                        Ashley C. Hoff
                                        United States Attorney

By:   */s/ G. Karthik Srinivasan*
        G. Karthik Srinivasan
        Michael C. Galdo
        Assistant United States Attorneys
        903 San Jacinto, Suite 334
        Austin, Texas 78701
        (512) 916-5858 (phone)
        (512) 916-5854 (fax)
        Karthik.Srinivasan@usdoj.gov

## Certificate of Service

    I certify that on April 25, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐  The CM/ECF system will send notification to the following CM/ECF participant(s):

Shawn Brown, Esq. (counsel for Defendant)

    */s/ G. Karthik Srinivasan*
    G. Karthik Srinivasan
    Assistant United States Attorney