United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America, | |
| v. | No. 21-CR-203 (RP) |
| Ryan Faircloth<br>    Defendant. | |

**Opposition to Defendant's Motion to Redact Inaccurate Information in PSR Under Rule 36**

    Defendant Ryan Faircloth seeks an order correcting purportedly inaccurate language in his Presentence Investigation Report (PSR) that, he argues, has led the Bureau of Prisons to categorize him incorrectly and thus hinder his access to certain programming. The motion should be denied. There was no clerical error or mistake in the PSR, sentencing record, or in the Court's judgment that can or should be corrected under Rule 36. In his plea agreement, Defendant admitted that he built a Molotov cocktail. At sentencing, although the Court did not apply the terrorism enhancement under the Guidelines, it made no finding that the words "explosive" and "Molotov cocktail" should be stricken from the PSR. (Mot. at 3.) There is no basis to amend or correct the PSR.

## Background

    On September 29, 2021, Defendant set fire to and attempted to destroy the offices of the Travis County Democratic Party. Early that morning, Defendant threw a rock through the glass door of the party offices. He then left but returned minutes later with a dark-colored bottle with light-colored material (a wick) sticking out of the top—a device commonly known as a Molotov cocktail. He dropped the Molotov cocktail into the building with a smoke bomb firecracker, but the bottle did not break, and the gasoline was not ignited. He left and came back a third time. He threw an ignited "artillery shell" firecracker through the broken glass in the front door close to the Molotov cocktail. The firecracker caused a small explosion, throwing super-heated embers throughout the office space. The gasoline then ignited, causing a fire in the building. As soon as he threw the "artillery shell" firecracker, Defendant ran from the door of the building,

indicating he knew an explosion or serious fire was imminent. Defendant left a note: "you can have the Golden State / the financials of New York / the mountains of Colorado ... / even the sweet peaches of Georgia ... / you can have the Great Plains / to the windy city of Chicago . . . / But one thing you can't have is Texas / consider this a 'light' warning/ - the people." Defendant later told investigators that "he targeted the political party offices inside the building because he opposed current government policies (and positions that he believed to be taken by the Democratic Party)." (PSR ¶¶ 5-12.)

Defendant pled guilty to one count of arson, in violation of 18 U.S.C. § 844(i). In the plea agreement, Defendant admitted that he "assembled an incendiary device commonly known as a Molotov cocktail using a wine bottle, gasoline, and a sock." (Dkt. No. 27 at 3.) He admitted that he "dropped the wine bottle containing gasoline and a wick made of a sock plus a lit smoke bomb firecracker into the building." (*Id*.) And when that didn't work, he went back and threw in the lit "artillery shell" firecracker "in close proximity to the bottle containing gasoline and a wick," at which point the "gasoline then ignited, causing a fire in the building that caused damage to the building, specifically the political party offices located in Suite B." (*Id*.) At his plea hearing, Defendant acknowledged reviewing the factual basis set forth in the plea agreement, had no questions about it, and admitted that those facts were true. (Plea Tr. at 14 (attached as Exhibit A).)

The Probation Department recommended that the Court apply the terrorism enhancement under U.S.S.G. § 3A1.4. Defendant objected to the enhancement and the government agreed, which led the Court to grant the objection. (Sentencing Tr. at 4-5 (attached as Exhibit B).) In granting the objection, the Court did not make any changes to the factual record set forth in the plea agreement or PSR before accepting and adopting the PSR. (*Id*. at 16.) The Court changed paragraph 26 to reflect that the terrorism enhancement did not apply as well as Defendant's criminal history category. (*Id*. at 5-6.) The Court explicitly asked Defendant if he "reaffirm[ed] the statements that you made in your plea agreement as well as the statements that were made in

[the] factual basis that was presented" to the Magistrate Judge at the plea hearing, and Defendant did so. (Sentencing Tr. at 2-3.)

In explaining the 72-month sentence imposed, the Court took pains to note that while Defendant's crime was not an act of terrorism legally, "that does not in anyway lessen the gravity of the actions of this defendant." The Court continued:

> This was an attack on the government of the United States. We have a party system -- political party system in this country that has two primary political parties who conduct primary elections which choose the candidates, one of which -- one of whom is generally elected to a political office. So the court considers this to be an attack on an institution of government.
>
> I further find from my review of the presentence investigation report and the evidence before me that it was an attempt by this defendant to intimidate or coerce an institution of at least democracy, if not the government itself.
>
> Attacks on our way of life and the way we govern ourselves cannot be overstated in their importance. We're living in a difficult time right now. Our traditional institutions of government are under constant attack and are discredited. And I find that this case, while although not legally an act of terrorism is similar to an act of terrorism.

(*Id.* at 16.) The Court did not order the PSR to be amended to remove the words "explosive" or "Molotov cocktail."

## Argument

Federal Rule of Criminal Procedure 36 permits the district court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Courts have used Rule 36 to "correct errors in the judgment relating to dismissed indictments and to the offense underlying a plea." *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020). However, "the purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes. Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Id.* (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)). Relief under Rule 36 is

proper when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (cleaned up).

Rule 36 "does not cover deliberate drafting choices, such as the deliberate wording of the pre-sentence report." *Id*.  In *Ramirez-Gonzalez*, the defendant objected to specific language in the PSR and the Fifth Circuit turned back the challenge, holding that "there is no error to be corrected.  The PSR's language was deliberately chosen by the probation officer who drafted it; the disputed words were not mistakes at all, much less the sort of mistake subject to correction under Rule 36." 840 F.3d at 247.  In *United States v. Zuniga Hernandez*, the defendant argued that the district court erroneously imposed sentencing enhancements despite the fact that he did not admit the pertinent facts in his plea agreement.  785 F. App'x 260 (5th Cir. 2019).  The Fifth Circuit rejected the defendant's argument, holding that such "arguments call for a legal analysis that is not permitted under Rule 36." *Id*. at 261.

Defendant contends that the PSR should not contain the words "explosive" or "Molotov cocktail." (Mot. at 4.)  Having granted Defendant's objection to the terrorism enhancement, the Court accepted and adopted the factual information contained in the PSR with no objection from the Defendant and no indication that the Court intended the PSR to say anything other than it did. (Sentencing Tr. at 15-16.)  That ends Defendant's claim.

Regardless, there was no error requiring correction under Rule 36.  The facts set forth in the plea agreement—which Defendant reaffirmed at sentencing—described the device he constructed as a "Molotov cocktail." (Dkt. No. 27 at 3; Sentencing Tr. at 2-3.)  That the factual basis did not use the word "explosive" is immaterial.  A Molotov cocktail is a paradigmatic example of a destructive device used in arson.  *See, e.g.*, *United States v. Harris*, 434 F.3d 767, 774 (5th Cir. 2005) ("[The defendant] pleaded guilty to maliciously damaging and destroying a municipal building by means of fire and explosive materials . . . . [The defendant] used a 'Molotov cocktail' to cause an explosion in and set fire to the City of Monahans Municipal Building.").  And federal statutes defining "explosive or incendiary devices" or destructive devices include Molotov cocktails.  *See, e.g.*, *United States v. York*, 600 F.3d 347, 354 (5th Cir.

**Opp. to Motion**                                                                                                                                      4

2010) ("We hold that a Molotov cocktail falls within the definition of a destructive device under section 921(a)(4)(A) because it is an incendiary bomb."). Under another statute, the term "explosive or incendiary devices" encompasses "any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone." 18 U.S.C. § 232(5). The nature of the device that Defendant built, and its dangerous properties are evident, as recognized in the law.

Additionally, at no point in his plea agreement or during his plea or sentencing hearings did Defendant object to the words "explosive" or "Molotov cocktail." The latter term comes from the plea agreement itself. The former was deliberate wording choice in the PSR—adopted by the Court—that is not subject to change under Rule 36. *See Ramirez-Gonzalez*, 840 F.3d at 247; *Cooper*, 979 F.3d at 1089. Defendant had multiple opportunities to litigate any factual legal error in the PSR. His sole objection to the PSR was granted and consequential in reducing his Guidelines range from 235-240 months (*see* PSR ¶ 72) to 37-46 months (with a mandatory minimum sentence of 60 months). (Sentencing Tr. at 16.) The issues raised by Defendant were heard and litigated before the Court adopted the PSR. There was no clerical or "mindless and mechanistic mistake" requiring correction. *Cooper*, 973 F.3d at 1089. The Court's comments describing Defendant's actions as an attack on democracy and similar to an act of terrorism show that it carefully considered the entire record and bolster the conclusion that it did not intend one thing but mistakenly do another. *Buendia-Rangel*, 553 F.3d at 379.

## Conclusion

For these reasons, Defendant's motion should be denied.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:  */s/ G. Karthik Srinivasan*
G. Karthik Srinivasan
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
Karthik.Srinivasan@usdoj.gov

**Certificate of Service**

  I certify that on April 15, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system.

  ☒ I also certify that I have caused to be mailed this document to the following non-CM/ECF participant(s):

Ryan Faircloth<br>
69958-509 Unit K-4<br>
Federal Correctional Institution<br>
PO Box 1000<br>
Sandstone, MN 55072

            */s/ G. Karthik Srinivasan*
            G. Karthik Srinivasan
            Assistant United States Attorney