# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                          AUSTIN DIVISION

UNITED STATES OF AMERICA ) Docket No. A 21-CR-203(1) RP
                         )
vs.                      ) Austin, Texas
                         )
RYAN TAYLOR FAIRCLOTH    ) January 10, 2022


              TRANSCRIPT OF REARRAIGNMENT/PLEA
           BEFORE THE HONORABLE SUSAN HIGHTOWER


APPEARANCES:

For the United States:    Mr. G. Karthik Srinivasan
                          Assistant U.S. Attorney
                          903 San Jacinto Boulevard,
                          Suite 334
                          Austin, Texas 78701



For the Defendant:        Mr. Shawn C. Brown
                          Law Office of Shawn C. Brown
                          540 South St. Mary's Street
                          San Antonio, Texas 78205




Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                          501 West 5th Street, Suite 4153
                          Austin, Texas 78701
                          (512)391-8792






Proceedings reported by digital sound recording,
transcript produced by computer aided-transcription.
```

```
 1                (Proceedings commence at 10:18 a.m.)
 2                THE CLERK:  Court is now in session for a guilty
 3   plea:  21-CR-203, United States vs. Ryan Faircloth.
 4                MR. SRINIVASAN:  Good morning, your Honor.
 5                Karthik Srinivasan for the government and I'm
 6   joined by TFO Ryan Metcalf with the FBI.
 7                THE COURT:  Good morning, Mr. Ven.
 8                MR. BROWN:  Good morning, your Honor.
 9                Shawn Brown for Mr. Faircloth.  We're ready to
10   proceed forward with the plea.
11                THE COURT:  Good morning, Mr. Brown.
12                I'll let the interpreter know we've reset the
13   other plea for today.  That will be reset at a future time
14   so you can go do the other work that I know you have to
15   do.
16                THE INTERPRETER:  All right.
17                THE COURT:  Thank you.
18                So as Mr. Ferrell just said, we're here for a
19   guilty plea in accordance with the Rule 11 of the Federal
20   Rules of Criminal Procedure.  I'll ask Mr. Ferrell to
21   please go ahead and administer the oath.
22                THE CLERK:  Will you please raise your right
23   hand.  Do you solemnly swear or affirm that the testimony
24   you may give in your case before the Court is the truth,
25   the whole truth, and nothing but the truth?
```

```
 1                THE DEFENDANT:  I do.
 2                THE COURT:  Okay.  Thank you, Mr. Ferrell.
 3                So, Mr. Faircloth, I need to make sure that you
 4  understand that you're now under oath and that if you
 5  answer any of my questions falsely, your answers may be
 6  used against you in another prosecution for perjury or for
 7  making a false statement.
 8                Do you understand that, sir?
 9                THE DEFENDANT:  Yes, ma'am.
10                THE COURT:  Your -- are you all sharing a
11  microphone?  Maybe can you use the other microphone and
12  point that up?  You -- whenever -- you don't have to speak
13  too much, Mr. Faircloth, but just kind of lean into so we
14  can make sure we have a good record.
15                THE DEFENDANT:  Yes, ma'am.
16                THE COURT:  Perfect.  Thank you.
17                So in order to take your guilty plea, Mr.
18  Faircloth, I need to advise you of several rights and ask
19  you a series of questions.  Those are intended to make
20  sure that you understand what you're doing by pleading
21  guilty today.  So if there's any time that I say something
22  you don't understand, if you can't hear me at any point --
23  you can hear me okay now, Mr. Faircloth?
24                THE DEFENDANT:  Yes, ma'am.
25                THE COURT:  Okay.  Thank you.
```

1    And that one was a little bit soft so I'll ask
2 you when we get some more questions, I'll ask you just to
3 speak up.  But if you need a minute to speak with Mr.
4 Brown, or if you have a question, please stop me and we
5 can take a recess and give you time to do that.  And that
6 will be very important, sir, because our proceeding is
7 being recorded today and you won't be able to come back
8 later and say that you didn't understand what you were
9 doing.
10   So could you please state your name, sir.
11   THE DEFENDANT:  Ryan Taylor Faircloth.
12   THE COURT:  Okay.  Thank you, once again.
13   I'm a United States Magistrate Judge and you have
14 a right to plead instead before a district court.
15   Have you discussed this issue with Mr. Brown?
16   THE DEFENDANT:  Yes, ma'am, I have.
17   THE COURT:  And do you understand that you have
18 the right to have a district judge hear your plea?
19   THE DEFENDANT:  Yes, ma'am.
20   THE COURT:  And do you waive your right to plead
21 in front of the district court?
22   THE DEFENDANT:  Yes, ma'am.
23   THE COURT:  Okay.  And, Mr. Srinivasan, on behalf
24 of the government, do you also consent to have me hear the
25 defendant's guilty plea today?

1         MR. SRINIVASAN:  Yes, your Honor.
2         THE COURT:  Okay.  I find that both parties
3  consent to have me conduct the guilty plea proceeding
4  today.  And I also need to remind counsel that as required
5  by Rule 5(f) of the Federal Rules of Criminal Procedure,
6  the United States is ordered to produce all exculpatory
7  evidence to the defendant pursuant to Brady vs. Maryland
8  and its progeny.  Not doing so in a timely manner may
9  result in sanctions, including exclusion of evidence,
10 adverse jury instructions, dismissal of charges, and
11 contempt proceedings.
12         So, Mr. Brown, these questions are for you and
13 first is, have you had sufficient time to discuss this
14 case with Mr. Faircloth?
15         MR. BROWN:  I have, your Honor.
16         THE COURT:  And did you discuss the charges
17 against him and any possible defenses he might have to
18 those charges?
19         MR. BROWN:  We did discuss those.
20         THE COURT:  And did you explain his
21 constitutional and statutory rights?
22         MR. BROWN:  I did.
23         THE COURT:  Did you explain the sentencing
24 guidelines and other sentencing factors?
25         MR. BROWN:  I did.

1           THE COURT:  Do you believe that Mr. Faircloth has
2  a factual and rational understanding of these proceedings?
3           MR. BROWN:  I believe he does.
4           THE COURT:  And do you have any doubt as to your
5  client's competence to enter a plea?
6           MR. BROWN:  I do not.
7           THE COURT:  Thank you, sir.
8           So, Mr. Faircloth, these questions are for you.
9  And first, have you had enough time to talk to Mr. Brown?
10          THE DEFENDANT:  Yes, ma'am, I have.
11          THE COURT:  And have you told him everything you
12 know about the facts and circumstances leading to your
13 arrest?
14          THE DEFENDANT:  Yes, ma'am.
15          THE COURT:  Did he discuss the charges against
16 you and any defenses to those charges?
17          THE DEFENDANT:  Yes, we have.
18          THE COURT:  Do you have any mental or physical
19 condition that affects your ability to understand our
20 proceeding today?
21          THE DEFENDANT:  No, ma'am.
22          THE COURT:  And are you under the influence of
23 any medication or any drugs or alcohol that affect your
24 ability to understand what we're doing in court today?
25          THE DEFENDANT:  No, ma'am.

1          THE COURT:  And are you satisfied with Mr.
2  Brown's representation of you?
3          THE DEFENDANT:  Yes, ma'am, I am.
4          THE COURT:  Okay.  Thank you.
5          So you're pleading guilty today pursuant to a
6  plea agreement and I'll ask Mr. Srinivasan if he can
7  please summarize that agreement.
8          MR. SRINIVASAN:  Yes, your Honor.
9          The plea agreement is a fairly standard plea
10 agreement.  In this district.  It begins with the
11 defendant's agreement to plead guilty, the description of
12 the statutory penalties, the factual basis for the plea
13 continues on page 3, 4, and then, continues to an
14 advisement of his rights, including the right not to plead
15 guilty and other trial rights.  There is a waiver of his
16 right to appeal or challenge sentence on page 6.
17 Information about advice of counsel on page 7.
18 Significantly, on pages 8 and 9, there's information about
19 the guidelines, including a 11(c)(1)(B) non-binding
20 recommendation to the district court, a sentencing range
21 of 60 to 72 months would be appropriate in this case.  And
22 then, a description of the defendant's financial
23 obligations, which include an agreement to pay
24 restitution.  And then, it concludes with the agreement of
25 the parties.

```
 1              THE COURT:  Thank you very much, Mr. Srinivasan.
 2              So, Mr. Faircloth, have you read the plea
 3   agreement?
 4              THE DEFENDANT:  Yes, ma'am, I have.
 5              THE COURT:  And have you discussed it with Mr.
 6   Brown?
 7              THE DEFENDANT:  I have, yes, ma'am.
 8              THE COURT:  Did you understand it before you
 9   signed it, sir?
10              THE DEFENDANT:  Yes, ma'am, I did.
11              THE COURT:  And do you agree to be bound by it?
12              THE DEFENDANT:  I'm sorry, what was the question?
13              THE COURT:  Do you agree to be bound by the plea
14   agreement?
15              THE DEFENDANT:  Yes, ma'am.
16              THE COURT:  Okay.  Thank you.
17              So I'll proceed to ask you some -- about some
18   aspects of the plea agreement that Mr. Srinivasan
19   mentioned.  First is that the plea agreement contains a
20   waiver of your rights to appeal and that includes both
21   what's called direct appeals and collateral attacks and
22   the exceptions to that waiver of your appellate rights,
23   sir, are very limited.  They include ineffective
24   assistance of counsel, prosecutorial misconduct, or if the
25   sentence that you receive is above the statutory maximum.
```

1        So, Mr. Faircloth, did you discuss this waiver of
2   appellate rights with Mr. Brown?
3            THE DEFENDANT:  Yes, ma'am.
4            THE COURT:  And do you understand that you're
5   waiving your right to appeal?
6            THE DEFENDANT:  Yes, ma'am.
7            THE COURT:  And as Mr. Srinivasan also mentioned,
8   there is a non-binding sentence recommendation in this
9   plea agreement pursuant to Rule 11(c)(1)(B) of the Federal
10  Rules of Criminal Procedure and that is a recommendation
11  of 60 to 72 months imprisonment.
12           So I need to make sure you understand, Mr.
13  Faircloth that the terms of the plea agreement are
14  recommendations only to Judge Yeakel and that the district
15  judge can reject the recommendation without permitting you
16  to withdraw your guilty plea and impose a sentence that
17  may be more severe than you anticipate.
18           Do you understand that, Mr. Faircloth?
19           THE DEFENDANT:  Yes, ma'am.
20           THE COURT:  Okay.  So you're pleading guilty
21  pursuant to the indictment, which charges you with arson,
22  in violation of Title 18 of the United States Code,
23  Section 844(i).  Or is that a (1), Mr. Srinivasan?
24           MR. SRINIVASAN:  It's an (i), your Honor.
25           THE COURT:  An (i), thank you.

1           So the maximum penalties for that offense, sir,
2   are a prison term of up to 20 years, a mandatory minimum
3   prison term of five years, a term of supervised release
4   lasting up to three years, a maximum fine of up to
5   $250,000, mandatory monetary assessment of $100, and
6   restitution in an amount to be determined by the Court.
7           So I want to make sure that you understand, Mr.
8   Faircloth, the charge against you and the penalties that
9   it can carry.
10          THE DEFENDANT:  Yes, ma'am.
11          THE COURT:  And, Mr. Brown, is your client
12  currently serving any term of probation, parole, release,
13  or imprisonment for any other offense?
14          MR. BROWN:  He is not, your Honor.
15          THE COURT:  Okay.  Thank you.
16          So I need to mention, Mr. Faircloth, that there's
17  no parole under federal law.  You have to serve the time
18  to which you're sentenced, sir.
19          THE DEFENDANT:  Yes, ma'am.
20          THE COURT:  Thank you.
21          So as I also mentioned, you may be sentenced to
22  serve a term of supervised release, which is a period of
23  supervision that's after the completion of any term of
24  imprisonment to which you're sentenced.  And in this case,
25  your supervised release may last up to three years.

1  During any term of supervised release, you would have to
2  comply with the conditions set by the district court and
3  be supervised by the United States Probation Office.  If
4  you fail to comply with the terms of your supervised
5  release, that release could be revoked and you could be
6  sentenced to an additional term of imprisonment.  And if
7  your release is revoked, you get no credit for the time
8  you'd already spent on supervised release.
9           Do you understand what I've just said about
10 supervised release, sir?
11          THE DEFENDANT:  Yes, ma'am.
12          THE COURT:  Okay.  So now I'll discuss
13 sentencing.  When the district court decides your
14 sentence, the Court will calculate the applicable
15 sentencing guideline range and consider that range and any
16 departures from the sentencing guidelines.  The Court will
17 also consider some additional statutory factors and those
18 include: the nature and circumstances of the offense, your
19 history and characteristics, the seriousness of the
20 offense, the need to promote respect for the law, to
21 provide for just punishment, to afford adequate
22 deterrence, to protect the public, to provide you with any
23 educational or vocational training or medical care that
24 you might need, to avoid unwarranted sentencing
25 disparities, and to provide restitution to any victims of

```
 1  the offense.
 2          So the district court has discretion to impose a
 3  sentence within the guidelines or above or below them, Mr.
 4  Faircloth.  The guidelines are not binding on the district
 5  court.
 6          So I want to ask, have you discussed with Mr.
 7  Brown the law on sentencing, including the possible effect
 8  that the sentencing guidelines will have on your sentence
 9  in this case?
10          THE DEFENDANT:  Yes, ma'am, I have.
11          THE COURT:  And do you understand that before you
12  enter your guilty plea, no one can know, and you do not
13  know, what your eventual sentence will be other than it
14  won't be greater than 20 years?  Do you understand that
15  sir.
16          THE DEFENDANT:  Yes, ma'am.
17          THE COURT:  And, Mr. Faircloth, do you have any
18  questions for me about sentencing?
19          THE DEFENDANT:  No, ma'am.
20          THE COURT:  So now I need to advise you of
21  several of your rights.  First is that you have the right
22  to plead not guilty.  If you pled not guilty, you'd be
23  entitled to a jury trial.  You'd be entitled to
24  representation by an attorney at all stages of the
25  proceeding.
```

1       At trial, you'd be presumed to be innocent.  The
2  government would have to prove your guilt beyond a
3  reasonable doubt and the jury verdict would have to be
4  unanimous.  You'd have the right to cross-examine the
5  government's witnesses and to present evidence, including
6  the right to subpoena witnesses.  But you'd never have to
7  prove your innocence and you wouldn't be required to call
8  witnesses.  Your case could include your testimony, but
9  you would also have the right not to testify.  The
10 government couldn't require you to testify and if you
11 chose not to do so at trial, the Court would instruct the
12 jury that it could make no inference of your guilt from
13 that fact.
14      By pleading guilty, Mr. Faircloth, you're waiving
15 your right to a jury trial and all the other rights I just
16 described.  If the district court accepts your guilty
17 plea, there will be no trial and Judge Yeakel will enter a
18 judgment of guilty and sentence you after considering a
19 presentence investigation report, which we'll discuss
20 further in just a moment.
21      So, Mr. Faircloth, do you understand that if you
22 plead guilty, you're waiving your right to a jury trial
23 and all the other rights I just described?
24      THE DEFENDANT:  Yes, ma'am.
25      THE COURT:  I also need to let you know that if

1  you plead guilty, the Court may ask you questions about
2  the offense.  If you answer those questions under oath and
3  in the presence of your attorney and your answers are not
4  truthful, the government could prosecute you for making a
5  false statement or for perjury.
6          So also, as Mr. Srinivasan mentioned, your plea
7  agreement includes a written factual basis and that starts
8  towards the bottom of page 2 of your plea agreement and
9  continues on towards the bottom of page 4.
10         So, Mr. Faircloth, you've reviewed the factual
11 basis, correct?
12         THE DEFENDANT:  Yes, ma'am.
13         THE COURT:  And do you have any questions
14 concerning the factual basis and the plea agreement?
15         THE DEFENDANT:  No, ma'am.
16         THE COURT:  And are those facts true?
17         THE DEFENDANT:  Yes, ma'am.
18         THE COURT:  Okay.  So, Mr. Faircloth,
19 understanding the charge against you, the possible
20 penalties that you face, and the rights that you're giving
21 up, how do you plead today, sir, guilty or not guilty?
22         THE DEFENDANT:  Guilty.
23         THE COURT:  Are you pleading guilty freely and
24 voluntarily.
25         THE DEFENDANT:  Yes, ma'am.

1           THE COURT: Has anyone threatened you or forced
2    you in any manner to plead guilty?
3           THE DEFENDANT: No, ma'am.
4           THE COURT: Has anyone made any promise other
5    than the plea agreement that's causing you to plead guilty
6    today?
7           THE DEFENDANT: No, ma'am.
8           THE COURT: Has anyone made any promise or
9    prediction to you as to what your sentence will be?
10          THE DEFENDANT: No, ma'am.
11          THE COURT: Are you pleading guilty because you
12   are guilty and for no other reason?
13          THE DEFENDANT: Yes, ma'am.
14          THE COURT: So I find that your plea of guilty is
15   freely and voluntarily made. I find that you understand
16   the nature of the charge against you and the penalties
17   that it can carry. I find that you understand your
18   constitutional and statutory rights and choose to waive
19   them. I find that you're competent to enter the plea of
20   guilty, Mr. Faircloth. I find that you're satisfied with
21   Mr. Brown's representation in this case. I find that you
22   understand the plea agreement and agree to be bound by its
23   terms and conditions and that there is a factual basis for
24   your plea.
25          So I'll recommend to the district court that

1  based on the statements you've made under oath, your
2  guilty plea should be accepted.  As I mentioned a moment
3  ago, your case will now be referred to the United States
4  Probation Office to prepare the presentence investigation
5  report.  A copy of that report will be provided to you
6  through Mr. Brown at least 35 days before sentencing.
7  He'll then have 14 days to make written objections.
8            Any objections that can't be resolved between you
9  and Mr. Brown, on the one hand, and the government and the
10 probation office, on the other, will be resolved by the
11 district court before sentencing.
12           Let me recess for one quick moment.  I have a
13 question for Mr. Ferrell.
14           And that you've generally been successful on
15 bond, but you did have the one positive marihuana test in
16 November.  So I need to admonish you that any future drug
17 use may result in possible revocation of your pretrial
18 release.
19           Do you understand that, sir?
20           THE DEFENDANT:  Yes, ma'am.
21           THE COURT:  And do you agree to continue to abide
22 by the conditions governing your release and to appear for
23 all court proceedings?
24           THE DEFENDANT:  Yes, ma'am.
25           THE COURT:  Okay.  Thank you.

```
 1            So is there anything further that we need to
 2   address today, Mr. Srinivasan?
 3            MR. SRINIVASAN:  Not for the government.  Thank
 4   you.
 5            THE COURT:  And, Mr. Brown?
 6            MR. BROWN:  Nothing from the defense, your Honor.
 7   Thank you very much.
 8            THE COURT:  Okay.  Thank you.
 9            And, Mr. Ferrell?
10            THE CLERK:  No, your Honor.
11            THE COURT:  Okay.  Thank you.
12            With that, our proceeding is adjourned and I wish
13   you good luck, Mr. Faircloth.
14            THE DEFENDANT:  Thank you.
15            (Proceedings conclude at 10:32 a.m.)
16
17
18
19
20
21
22
23
24
25
```

## REPORTER'S CERTIFICATE

I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES, ON THIS 9th DAY OF APRIL, 2024.

*Lily Iva Reznik*

~~~~~~~~~~~~~~~~~~~~~~~~
*LILY I. REZNIK, CRR, RMR*
*Official Court Reporter*
*United States District Court*
*Austin Division*
*501 West 5th Street, Suite 4153*
*Austin, Texas 78701*
*(512) 391-8792*
*SOT Certification No. 4481*
*Expires: 1-31-25*